FILED

January 19, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:11 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Darlene Noel | ) | Docket No. 2016-08-0054 |
| | ) | Docket No. 2016-08-0069 |
| v. | ) | |
| | ) | State File No. 45760-2015 |
| EAN Holdings, LLC, et al. | ) | State File No. 9570-2015 |
| | ) | |
| | ) | |
| Appeals from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded – Filed January 19, 2017

---

In these interlocutory appeals, the employer asserts the trial court erred in ordering it to provide panels of physicians to the employee, who had reported two work-related accidents occurring within ten days after her settlement of a prior shoulder injury claim. She alleged these accidents caused pain and symptoms in her head, neck, and shoulders. The employer denied both claims, asserting that the employee's conditions were pre-existing and were not caused or aggravated by any "identified injury." We affirm the trial court's determination that the employee is entitled to panels of physicians, and we remand the cases for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Alex B. Morrison, Knoxville, Tennessee, for the employer-appellant, EAN Holdings, LLC

Darlene Noel, Memphis, Tennessee, employee-appellee, pro se

# Memorandum Opinion[1]

These interlocutory appeals, which we have consolidated for purposes of appellate review, arise from two alleged accidents reported by Darlene Noel ("Employee") while she worked for EAN Holdings, LLC ("Employer") at an airport rental car facility. First, on January 16, 2015, Employee was struck in the upper back by a door that had been opened forcefully by a co-worker. Second, on January 23, 2015, Employee was approaching an automatic door that failed to open properly, resulting in her striking the door with her head. Both accidents were witnessed by co-workers. Employer denied benefits, asserting that any medical conditions, pain, or other symptoms reported by Employee following these accidents related to a September 5, 2013 work-related fall, which the parties settled on January 15, 2015.

At the expedited hearing, Employee testified concerning the circumstances of the two work incidents. In addition, Employee presented testimony from the co-worker who struck her with the door on January 16, 2015, as well as a co-worker who witnessed both the January 16 incident and the January 23, 2015 incident when she struck the automatic door. Employer did not refute the testimony of Employee and her two co-workers regarding these events. Nevertheless, it argued at the expedited hearing that Employee was not entitled to medical or temporary disability benefits because she had recently settled her September 5, 2013 claim involving some of the same body parts. Employer further argued that Employee's proof was insufficient to establish that her alleged medical conditions arose primarily out of the reported work accidents. It also objected to the introduction of medical records offered by Employee because they were electronically signed by a nurse practitioner. The trial court overruled Employer's objection and allowed Employee to introduce the nurse practitioner's records.

Following the expedited hearing, the trial court concluded in both cases that Employee had presented sufficient evidence to entitle her to a panel of physicians, but that she had not presented sufficient evidence to support an award of temporary disability benefits. On appeal, Employer raises two issues pertaining to both claims: (1) the trial court erred in admitting into evidence the medical records of the nurse practitioner, and (2) the evidence does not support an order for medical benefits. It also asserts, with respect to the second alleged accident, that there was no "hazard incident to employment."

With respect to the first issue, the introduction of medical records as evidence is governed by the Mediation and Hearing Procedures of the Tennessee Department of Labor and Workforce Development, which state in pertinent part:

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

All medical records signed by a physician, including via electronic signature, or accompanied by a certification that the records are true and accurate which has been signed by a medical provider or custodian of the records shall be admissible. . . . For purposes of medical records, an electronic signature shall suffice if, in the opinion of the workers' compensation judge, the electronic signature demonstrates that the medical provider approved the contents of the medical record.

Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2016). As evidenced by the last sentence, this rule is designed to assist the trial court in determining the authenticity of medical records that have been offered into evidence. The rule deems medical records admissible if certain indicia of reliability are met: (1) they are signed by a physician, (2) they are electronically signed by a physician, or (3) they include a certification form signed by the medical provider or custodian of the records.[2]

In the present case, Employee offered into evidence the February 6, 2015 record of Debora Dowda, FNP. It is not signed by a physician and contains no electronic signature of a physician. Moreover, Employee did not offer the prescribed certification form with the medical record. Thus, this record does not fall within any of the three categories of admissible medical records described by Tenn. Comp. R. & Regs. 0800-20-21-.16(6)(b). Consequently, it was error for the trial court to accept this medical record into evidence. However, given the nature of the trial court's determination, the error was harmless. The record was not offered to prove the cause of Employee's medical conditions and was not relied on by the trial court in reaching its determination that Employee was entitled to a panel of physicians. As such, Employer's argument as to this issue does not mandate a reversal or modification of the trial court's order as urged by Employer.[3]

Employer next argues that the evidence presented did not support an order for benefits. Specifically, in objecting to the admission of the nurse practitioner's medical record, Employer asserts, "there is no other medical evidence presented to support an

---

[2] Notably, although the regulation identifies certain medical records that are admissible, it does not speak to whether the contents of such records are relevant, material, or otherwise entitled to any weight. Even if a trial court determines that medical records are authentic and admissible pursuant to this rule, that determination does not prevent a party from objecting on other grounds to the trial court's consideration of all or parts of the records.

[3] On December 15, 2016, following the filing of Employer's Notices of Appeal, Employee filed approximately one hundred fifty pages of documents purporting to be medical bills and medical records. Our role in evaluating a trial court's decision on appeal entails taking into account information the trial court had before it at the time it decided the issues, as opposed to considering information the parties may seek to present on appeal. *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Thus, we will not consider on appeal "testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.*

award of benefits, and therefore, the Employee is completely lacking in the necessary expert medical testimony to support a finding of a compensable injury." This argument misconstrues both the trial court's decision and the standard of proof applicable to an expedited hearing. Contrary to Employer's argument, the trial court did not find Employee had proven a compensable injury, but instead determined that "[Employee] has not established that she sustained an injury arising primarily out of her employment." Nevertheless, the trial court correctly noted that the relevant inquiry was not whether Employee had proven by a preponderance of the evidence that she sustained injuries arising primarily out of and in the course and scope of employment, but whether she came forward with sufficient evidence to show she was likely to prevail at trial in establishing one or more compensable injuries. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). In that regard, Employee offered unrefuted testimony regarding the two work accidents that was corroborated by two witnesses. Employer offered no witness testimony and no other evidence that the accidents in question did not occur as alleged. Thus, we conclude there was sufficient evidence to support a finding that Employee was involved in accidents at work on January 16, 2015 and on January 23, 2015 that triggered Employer's obligation to provide panels of physicians in accordance with Tenn. Comp. R. & Regs. 0800-02-01-.25 (2015).

Finally, with respect to the January 23, 2015 accident, Employer argues that because the door in question was accessible to the general public, her accident that day did not arise from a hazard peculiar to her employment. Again, however, this argument goes to the ultimate question of causation and is not pertinent to the limited issue decided at the expedited hearing. The trial court found that Employee had presented sufficient evidence at the expedited hearing to show she is likely to prevail at trial and that satisfies Employee's burden at this interlocutory stage of the case.

For the reasons discussed above, we find the evidence supported the trial court's order for Employer to provide panels of physicians to Employee as a result of her January 16, 2015 and January 23, 2015 work accidents. The trial court's order is affirmed, and the case is remanded to the trial court for any further proceedings that may be necessary.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Darlene Noel | ) | Docket No. 2016-08-0054 |
| | ) | Docket No. 2016-08-0069 |
| | ) | |
| v. | ) | State File No. 45760-2015 |
| | ) | State File No. 9570-2015 |
| | ) | |
| EAN Holdings, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Darlene Noel** | X | | | | | 3896 Brookmeade Street Memphis, TN 38127 |
| **Alex B. Morrison** | | | | | X | abmorrison@mijs.com |
| **Allen Phillips, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov